UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RAY W. LONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:21-CV-45-KAC-CRW ) |
| TOWN OF GREENEVILLE, TENNESSEE, et al., | ) ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM OPINION AND ORDER
# GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is the "Motion to Dismiss" of Defendants Town of Greeneville, Tennessee and Officer Robert Anderson [Doc. 7] and memorandum in support [Doc. 8]. Plaintiff asserts a claim under 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment [Doc. 1 at 10-11]. On March 7, 2020, Defendant Anderson, an officer in the Greeneville Police Department, stopped Plaintiff's vehicle for a failure to maintain its lane and suspicion of driving under the influence [*Id.* at 2-6]. Officers arrested Plaintiff and charged him with driving under the influence for refusing to submit to a breathalyzer test in violation of Tennessee Code Annotated § 55-10-406 (refusal) [Docs. 1 at 6-7, 7-1 at 3]. Plaintiff subsequently pled nolo contendere to a failure to maintain his lane in violation of Tennessee Code Annotated § 55-8-123 in exchange for the dismissal of the refusal offense [Docs. 1 at 7, 7-1 at 5-6]. Plaintiff alleges that his arrest for refusal violated his Fourth Amendment rights [Doc. 1 at 10-11]. Defendants contend that because Plaintiff pled nolo contendere to the traffic offense, he is estopped from challenging his arrest and cannot state a Section 1983 claim for false arrest [Doc. 8 at 3-5]. Because Plaintiff's nolo contendere plea bars his Section 1983 claim for false arrest, the Court grants Defendants' motion to dismiss.

To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

A plaintiff cannot state a Section 1983 false arrest claim under the Fourth Amendment "'where there [was] probable cause to believe that a criminal offense [had] been or [was] being committed.'" *See Ouza v. City of Dearborn Heights*, 969 F.3d 265, 279 (6th Cir. 2020) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). Whether probable cause existed depends upon the objective assessment of a reasonable, prudent person based upon the facts and circumstances known to the officer at the time of the arrest. *Devenpeck*, 543 U.S. at 152-53. Because an officer's subjective intent is not relevant, the offense establishing probable cause does not need to match the officer's stated justification for the arrest. *Id.* at 153-43. A subsequent conviction following a reasonable and fair opportunity to litigate the underlying arrest estops a plaintiff from asserting a lack of probable cause for the arrest. *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988); *see also Cunningham v. Sisk*, 136 F. App'x 771, 774 (6th Cir. 2005) ("[Defendant's] guilty plea and conviction . . . forecloses any claim that the police acted without probable cause"). A nolo contendere plea operates as a conviction and precludes a later Section 1983 false arrest suit for

2

damages.  *See Walker*, 854 F.2d at 143*; see also Shelton v. City of Taylor*, 92 F. App'x 178, 183 (6th Cir. 2004) (holding that a no contest plea was not a favorable determination); *Nicholson v. City of Westlake*, 20 F. App'x 400, 402 (6th Cir. 2001); *State v. Albright*, 564 S.W.3d 809, 817-18 (Tenn. 2018) ("A plea of nolo contendere admits every essential element of the offense . . . and it is tantamount to an admission of guilt.") (internal citations omitted).  Relatedly, a Section 1983 suit that, if successful, "would necessarily imply the invalidity" of a plaintiff's criminal conviction is also barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Cox v. City of Jackson*, 811 F. App'x 284, 290 (6th Cir. 2020) (quoting *Heck*, 512 U.S. at 487).

Here, Plaintiff's nolo contendere plea prevents him from stating a claim for false arrest under the Fourth Amendment and Section 1983.  Plaintiff pled nolo contendere to failing to maintain his lane on March 7, 2020—admitting every element of the offense and essentially admitting his guilt [*See* Docs. 1 at 7, 7-1 at 1].  His claim of false arrest on March 7, 2020 necessarily challenges the validity of that conviction.  Plaintiff's failure to maintain his lane provided probable cause justifying his arrest.  Therefore, a judgment from this Court that officers lacked probable cause to arrest Plaintiff would "necessarily imply the invalidity" of the conviction and Plaintiff's plea.  *See Cox*, 811 F. App'x at 290 (quoting *Heck*, 512 U.S. at 487).  Accordingly, Plaintiff's claim for false arrest is not cognizable under *Heck*.  *See, e.g., Watson v. City of Marysville*, 518 F. App'x 390, 392-93 (6th Cir. 2013).  Even if *Heck* did not apply, collateral estoppel prevents Plaintiff from stating a claim.  *See, e.g., see also Martin v. Girard*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision).  Plaintiff's "state court judgment must receive the same preclusive effect in federal court" that it would receive in state court.  *Walker*, 854 F.2d 138 at 142 (internal citation omitted).  Plaintiff does not allege that he was denied the reasonable

3

and fair opportunity to challenge his arrest in state court, and therefore Plaintiff is estopped from challenging it now. *See id; Cunningham*, 136 F. App'x at 774.

Plaintiff asserts that his nolo contendere plea does not preclude his false arrest claim because (1) Defendant Anderson did not arrest him for a failure to maintain a lane and (2) failure to maintain a lane is not an arrestable offense under Tennessee law [Doc. 12 at 7-11]. The Supreme Court has expressly rejected both arguments. First, in *Devenpeck*, the Supreme Court noted that an officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." 543 U.S. at 153. The lawfulness of an arrest does not "turn upon the motivation of the arresting officer." *Id*. Because probable cause that Plaintiff committed a crime objectively existed, Plaintiff cannot now assert a claim for false arrest even though he pled to a different offense than the one for which he was arrested. *See id*. Second, in *Virginia v. Moore*, 553 U.S. 164 (2008), the Supreme Court held that an arrest based upon probable cause does not violate the Fourth Amendment even if state law requires an officer to issue a citation, rather an arrest an offender. *Id.* at 176. Accordingly, Plaintiff's argument that Defendants violated his Fourth Amendment rights by arresting him, instead of issuing a citation, also fails as a matter of law.

I. Conclusion

Because Plaintiff's nole contendere plea bars his Section 1983 claim for false arrest under the Fourth Amendment, Plaintiff fails to state a claim. Accordingly, the Court **GRANTS** the "Motion to Dismiss" of Defendants Town of Greeneville, Tennessee and Officer Robert Anderson

4

[Doc. 7]. Plaintiff's claims against Defendants Town of Greeneville, Tennessee and Officer Robert Anderson are **DISMISSED**.

IT IS SO ORDERED.

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge